Daniel, Judge,
dissented from a part of the opinion of the court, and filed the following opinion: I cannot agree to so much Of the opinion of the court -as subjects the defendants to the demand which the plaintiff had, and now has, against Perkins, the surviving partner of the firm of Ralston and Perkins. There is nothing to prevent the plaintiff, as administrator of the deceased partner, bringing his bill, and having an account against Perkins. The defendants are made liable in this bill, only as trustees by operation of law. The law never works an injury. I am ignorant by what principle it is, that the plaintiff can say that the defendants are by force of law their trustee, for a fund they never had, and which has not been lost to the plaintiff, by any act of theirs. Perkins never Iona fide settled the partnership with the defendants. He therefore has no pretence to bar the plaintiff’s demand, for a settlement now. I cannot think that the law does make these defendants trustees for this fund, simply on the ground that they agreed with Perkins that he might have the property of the firm that he then was in possession of, if he would withdraw a caveat to the probate of Ralston’s will. If the plaintiff could shew, that the estate of Ralston had sustained any loss by the agreement, then there might be some pretence for this charge. But there is nothing of that kind *425 in the case. The opinion of my brothers, seems to' me, to be stretching the law which makes persons trustees by implication, farther than is warranted by any established decision.
Per Curiam. Decree accordingly.